IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RANDY MURPHY,

           Plaintiff,

v.

CITY OF OAKLAND, et al.,

           Defendants.

NO. C04-3062 TEH

ORDER RE: MOTIONS IN LIMINE

After carefully considering the parties' written arguments, the Court hereby rules on the parties' motions in limine as follows:

**A. PLAINTIFF'S MOTIONS IN LIMINE**

    **1. Plaintiff's Motion in Limine No. 1 to Exclude Evidence and Testimony Concerning Plaintiff's Prior Criminal Convictions, Prior Contacts with Law Enforcement or Other "Bad Acts" and Defendants' Motion No. 4 as it Relates to Plaintiff (Pl.'s No. 1 and Def.'s No. 4)**

    Plaintiff asserts that evidence of his conviction and prior contacts with law enforcement, including arrests, should be excluded because their only relevant purpose is proving conduct and conformity therewith on a specific occasion. Defendants argue that Plaintiff's prior drug-related arrests by the Oakland Police Department (OPD), and conviction, should be admitted to show bias against the OPD and are also relevant to evaluate the credibility of plaintiff's testimony.

    Any felony conviction of Plaintiff, provided that it occurred not more than ten years prior, shall be admitted under F.R.E. 609(a) as the Court finds that the probative value of admitting this evidence outweighs its prejudicial effect. Thus, the motion is DENIED IN PART with respect to any such conviction. However, if any such conviction is introduced,

Defendants shall be limited to establishing the general facts of the conviction, such as the offense convicted of, the date of conviction, and the sentence imposed.

The Court further finds that admitting evidence of all prior contact with law enforcement in any form is overly broad as it would allow admission of not only felony convictions, but also prior arrests and interactions, which will likely be used by the jury as character evidence in violation of 404(a). This evidence is also likely to mislead and have a substantial prejudicial effect on a jury. Furthermore, Defendants fail to persuade the Court that such prior arrests and/or convictions would prove bias against Defendants. Thus, Plaintiff's motion is GRANTED IN PART as to Plaintiff's prior arrests and interactions with law enforcement (excluding any felony conviction less than ten years old), with one exception: Defendant Estrada may testify that with respect to Defendants' motivation for approaching Plaintiff on the night in question. Thus, he may testify with respect to any personal contacts he previously had with the Plaintiff and may testify to his beliefs regarding Plaintiff's parole status.

**2. Plaintiff's Motion in Limine No. 2 to Exclude Evidence and Testimony Concerning any Prior Criminal Convictions and/or Prior Contacts with Law Enforcement of the Civilian Percipient Witnesses and Defendants' Motion in Limine No. 4 as it Relates to Witnesses Other Than the Plaintiff (Pl.'s No. 2 and Def.'s No. 4)**

Plaintiff argues that evidence concerning percipient civilian witnesses' prior contacts with law enforcement and/or any convictions should be excluded, including felony convictions that do not relate to truthfulness or honesty. Defendants argue that all evidence of prior adverse contacts with the OPD should be admitted because they demonstrate bias against the OPD.

The Court does not agree with Plaintiff's argument that witnesses' felony convictions, as defined by 609(a), that do not specifically involve truthfulness or honesty are inadmissible. A conviction that falls within 609(a), regardless of whether it involves dishonesty or false statement, has a bearing on the credibility of a witness and is therefore admissible. Thus, witnesses' prior felony convictions, provided they did not occur more than ten years prior, shall be admitted under F.R.E. 609 as the Court finds that the probative value of admitting this

2

evidence outweighs its prejudicial effect. Thus, Plaintiff's motion is DENIED IN PART with respect to witnesses' prior felony convictions that are less than 10 years old. However, if a prior felony conviction is introduced, Defendants shall be limited to establishing the general facts of the conviction, such as the offense convicted of, the date of conviction, and the sentence imposed.

Further, the Court finds that evidence of witnesses' prior interactions with police, other than felony convictions discussed above, is more prejudicial than probative as to bias. Accordingly, Plaintiff's motion is GRANTED IN PART as to witnesses' prior interactions with law enforcement *other than* felony convictions less than 10 years old.

**3. Plaintiff's Motion in Limine No. 3 to Exclude Testimony from Creed Morris and/or the Admission of any Statements Made by Creed Morris Concerning the Plaintiff's Alleged Conduct Prior to the Subject Incident**

Plaintiff seeks an order pursuant to F.R.E.'s 401, 404(b), and/or 403 preventing Creed Morris from testifying that "the plaintiff was involved in narcotic sales in the neighborhood where the incident occurred." Pl.s Mot. at 9-10. Plaintiff contends this testimony is 1) irrelevant because defendants McGiffert and Estrada did not receive this information prior to the incident, 2) improper "bad character" evidence, and 3) based on speculation.

The Court finds that Plaintiff's motion should be GRANTED. Defendants do not dispute Plaintiff's contention that Defendants did not have knowledge of the information from Mr. Morris prior to the incident; thus the testimony has no relevance to their motivations or state of mind on the night at issue, and constitutes improper "bad character" evidence under F.R.E. 404(b).

**4. Plaintiff's Motion in Limine No. 4 to Exclude Testimony or Evidence that the Subject Incident Occurred in a "High Crime Area," "Open Drug Market" or Similar Testimony**

Plaintiff argues that evidence that the incident occurred in a "high crime area" or similar testimony should be excluded as irrelevant. Defendants argue that this evidence is relevant to show the state of mind of Defendants McGiffert and Estrada.

The Court finds that Plaintiff's motion should be DENIED. Defendants were aware of the nature of the area in which the incident occurred, therefore, such evidence goes directly to Defendants' state of mind and motivation in approaching Plaintiff.

## B. DEFENDANTS' MOTIONS IN LIMINE

**1. Defendants' Motion in Limine No. 1 to Exclude all References to the "Riders" Civil and Criminal Litigations**

Defendants expect Plaintiff, counsel, and witnesses to attempt to portray the present incident as part of the recent West Oakland "Riders" scandal. Defendants argue that this would be highly prejudicial to Defendants and move to exclude all reference to the "Riders" litigation under F.R.E. 403. Plaintiff concedes that the "Riders" criminal prosecutions are not particularly relevant and should be excluded because they involved a different burden of proof than the current action. However, Plaintiff argues that the Court should not bar all reference to the "Riders" litigation because Plaintiff specifically alleged in his complaint that the Defendants were on notice of the customs, policies and practices that were a result of the "Riders" litigation. Further, Plaintiff argues that Defendants themselves intend to offer evidence concerning customs, policies, and practices, that are relevant to the "Riders" litigation and the "Riders" Non-Monetary Settlement Agreement.

While evidence of the actual customs, policies, and practices of the Oakland Police Department is relevant, reference to the "Riders" litigation poses a great risk of unfair prejudice and danger of confusing the issues or misleading the jury, and is completely unnecessary. Accordingly, Defendant's motion to exclude all reference to the "Riders" civil

and criminal litigations is GRANTED.  Plaintiff may reference the actual customs, policies, and practices that were a result of the "Riders" litigation without making any specific reference to the "Riders" litigation.

**2. Defendants' Motion in Limine No. 2 to Bifurcate Liability and Damages**

Defendants' motion to bifurcate liability and damages is an improper motion in limine. The parties were instructed to provide the Court letter briefs on this issue and it will be addressed separately.

**3. Defendants' Motion in Limine No. 3 to Exclude Hearsay Statements Attributed to Plaintiff After he Fell**

Defendants seek to exclude any testimony by Plaintiff's witnesses that Plaintiff told them, "after the incident," that "he was pushed from the fence by Officer McGiffert." Def.'s Mot. at 5.  Defendants argue that these statements are self-serving hearsay.  Plaintiff counters that Defendants failed to identify specific statements they wish to exclude, and that such statements may qualify for exceptions to the hearsay rule under F.R.E. 803.

The Court agrees that Defendants have not identified with sufficient specificity the statements they wish to exclude.  In particular, Defendants have not provided the Court with sufficient information regarding the exact timing of any such statement or whether it was made for purposes of medical diagnosis or treatment.  As such the Court can not adequately assess the admissibility of the testimony, and the motion must therefore be DENIED. Plaintiff is warned, however, to carefully assess the admissibility of any such statements and that the Court will not take kindly to attempts to introduce testimony that is clearly hearsay.  IT IS FURTHER ORDERED, that Plaintiff must make an offer of proof out of the presence of the jury, prior to eliciting any testimony regarding statements Plaintiff made after the incident regarding Defendant McGiffert's actions at the fence.  Such offer of proof shall be made *before* such witness is called to testify.

**4. Defendants' Motion in Limine No. 4 to Admit Plaintiff's and Witnesses' History of Arrests by Oakland Police Department for Bias**

The issues in Defendants' Motion in Limine No. 4 were addressed in Plaintiff's Motions in Limine No.'s 1 and 2.

**5. Defendants' Motion in Limine No. 5 to Allow Introduction of Deposition Testimony of Officer Noah Montgomery**

Defendants request that the Court allow the introduction of Officer Montgomery's deposition testimony at trial on the ground that he is unavailable under F.R.E. 804(a). Plaintiff does not dispute Montgomery's unavailability but argues that Plaintiff should have the opportunity to further depose Montgomery because Plaintiff was not aware Montgomery would be become unavailable at the time the deposition was taken. Plaintiff also requests that this Court direct Defendants to specifically identify in advance the deposition testimony they intend to introduce.

Defendants' motion to allow Mr. Montgomery to testify by way of his deposition testimony is GRANTED. Plaintiff's request to further depose Mr. Montgomery is denied. Under 804(b)(1), "former testimony of an unavailable declarant is excepted from the hearsay rule if the party against whom it is now offered . . . was also a party in the earlier proceeding and then had an *opportunity* and a similar motive to develop testimony . . ." F.R.E. 804(b)(1) (emphasis added). Thus, actual cross-examination is not required, merely the opportunity to exercise the right to cross-examine if desired. *U.S. v. Geiger*, 263 F.3d 1034, 1039 (9th Cir. 2001). There is no evidence that Plaintiff was denied the opportunity to cross-examine Officer Montgomery, and there is no requirement that counsel know at the time of the earlier proceeding that the deponent will later be unavailable.

Defendants are directed, however, to designate to Plaintiff and the Court, the specific testimony (by page and line) that they intend to introduce no later than Thursday, November 10, 2005. The parties shall promptly meet and confer with respect to any objections by Plaintiff,

6

and Plaintiff shall provide a written statement of any remaining objections, and the reasons therefore, no later than Tuesday, November 15, 2005 at 8:30 a.m.

**6. Defendants' Motion in Limine No. 6 to Exclude Witnesses to Prior Incidents Investigated by OPD Internal Affairs Division Which Were Not Sustained**

Defendants argue that they expect Plaintiffs to seek to introduce evidence of prior incidents investigated by the OPD Internal Affairs Division ("IAD") concerning Defendants Estrada and/or McGiffert which were not sustained. While it is not clear that Plaintiff intends to attempt to introduce any such evidence, the Court agrees that any such testimony or evidence is more prejudicial than probative. Accordingly, the motion is GRANTED. To the extent, however, that *Defendants* open up this issue by suggesting that Defendants Estrada and/or McGiffert were not subject to any IAD investigations that were not sustained, this ruling does not preclude Plaintiff from offering any contrary evidence for the limited purpose of appropriate impeachment.

**7. Defendants' Motion in Limine No. 7 to Exclude Evidence or References to the Citizen Police Review Board**

Defendants argue that evidence or references to Citizen Police Review Board ("CPRB") complaints against Defendants should be excluded because the testimony is irrrelevant, highly prejudicial, and lacks foundation under F.R.E.'s 702 and 703.

Plaintiff provided the Court with a list of witnesses who intend to testify regarding CPRB complaints filed against Officers Estrada and McGiffert. Specifically, Plaintiff identifies Gregory Johnson as a witness who would testify regarding a complaint against Officer Estrada, and two others not involved in this case, that was not sustained by the CPRB (involving the planting of narcotics and a false arrest). Plaintiff also identifies three witnesses (Brian Johnson, and Jean and Joshua Silvermoon) who charged that Defendant Estrada and another Sergeant engaged in excessive force, which was sustained in part by the CPRB. The

7

1 Court agrees with Defendants that neither of these incidents should be admitted in this trial.
2 The first was not sustained and thus has marginal value, and delving into the details of the
3 complaint will cause undue prejudice and jury confusion and delay.  While the second charge
4 was sustained in part, it involved the use of excessive force which is not at issue here.
5 Accordingly, the Court concludes again that its probative value is outweighed by the prejudice,
6 jury confusion and delay that delving into the details of this incident would entail.[1]  Nor is the
7 Court persuaded that this testimony has sufficient probative value with respect to any *Monell*
8 claim to warrant its admission.  To the extent, however, that *Defendants* open up this issue by
9 suggesting that Defendants Estrada and/or McGiffert, were not the subject of complaints
10 before the CPRB, this ruling does not preclude Plaintiff from offering contrary evidence for
11 the limited purpose of appropriate impeachment.

13 IT IS FURTHER ORDERED that counsel for the parties are instructed to
14 carefully advise all parties and witnesses of any of the aforementioned rulings that may bear on
15 his or her testimony and to instruct such witnesses to fully abide by such rulings.

18 **IT IS SO ORDERED.**

20 DATED  11/8/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In his witness list, Plaintiff also identifies a Gary Deskins as a witness who will testify concerning a pending lawsuit he and other family members have brought against members of the OPD, including Officers McGiffert and Estrada. Testimony or evidence pertaining to this lawsuit and/or related administrative complaints **shall be excluded** for the same reasons discussed above.  Again, however, should *Defendants* open up this issue by suggesting that Defendants are not subject to any lawsuits, this ruling does not preclude Plaintiff from offering contrary evidence for the limited purpose of appropriate impeachment.

8