IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MURPHY, | No. C 04-03062 TEH |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF OAKLAND, | |
| Defendant. | |

The Court rules on the Plaintiff's objections to the Court's proposed jury instructions as follows:

1. Instruction No. 2:

The typographical error will be corrected.

2. Instruction No. 21:

Plaintiff's proposed alternative instructions deviates in substance from the Ninth Circuit Model Jury instruction and is rejected. The Court will include the additional language regarding intent requested by the Plaintiff yesterday. The Court will incorporate the language clarifying that the Plaintiff's three theories are alternative theories. The new Instruction No. 21 is attached.

3.  Instruction No. 22:

As the Court indicated yesterday, this instruction is a correct statement of the law and will remain in as counsel have not stipulated to this issue.

4.  Instruction No. 24:

The typographical error will be corrected.

5.  Instruction No. 31:

The requested additional language is not pertinent to the elements required to prove battery and could lead to jury confusion. Counsel may of course still make this argument to the jury.

6.  Instruction No. 36

Pursuant to a note provided to the Court this morning, counsel have agreed that both individual defendants were acting in the course and scope of their employment at the time of the incident. Instruction No. 36 will be amended to reflect this stipulation.

7.  Instruction No. 37:

Given Plaintiff's waiver of his right to recover lost wages, paragraph number 3 on the second page of this instruction is deleted.

**IT IS SO ORDERED.**

Dated: 11-23-05

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. <u>21</u>

<u>ESSENTIAL ELEMENTS OF PLAINTIFF'S CONSTITUTIONAL CLAIMS</u>

THE PLAINTIFF HAS THE BURDEN OF PROVING, BY A PREPONDERANCE OF THE EVIDENCE, THE FOLLOWING ELEMENTS WITH RESPECT TO HIS CONSTITUTIONAL CLAIMS:

FIRST, THAT THE DEFENDANTS' ACTS OR OMISSIONS WERE INTENTIONAL, I.E. THAT DEFENDANTS INTENDED THE NATURAL CONSEQUENCES OF THEIR ACTIONS. IF YOU FIND THE OFFICERS WERE MERELY NEGLIGENT IN THEIR DUTIES, YOU MAY NOT FIND THEM LIABLE ON PLAINTIFF'S CLAIM THAT THEY VIOLATED HIS CONSTITUTIONAL RIGHTS.

SECOND, THAT THE DEFENDANTS ACTED UNDER THE COLOR OF LAW. IN THIS CASE,

THIRD, THAT THE DEFENDANTS' ACTS OR OMISSIONS WERE A SUBSTANTIAL FACTOR IN CAUSING THE DEPRIVATION OF ONE OR MORE OF PLAINTIFF'S CONSTITUTIONAL RIGHTS.

IN THIS CASE, THE PLAINTIFF ASSERTS 3 SEPARATE, ALTERNATIVE CLAIMS THAT DEFENDANTS DEPRIVED PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS:

1.   FIRST, THAT DEFENDANTS MATT MCGIFFERT AND/OR BRETT ESTRADA SUBJECTED PLAINTIFF TO AN UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT;

2.   SECOND, THAT DEFENDANT MATT MCGIFFERT USED EXCESSIVE FORCE AGAINST PLAINTIFF IN VIOLATION OF THE FOURTH AMENDMENT; AND

3.   THIRD, THAT DEFENDANTS MATT MCGIFFERT AND/OR BRETT ESTRADA PLACED THE PLAINTIFF IN PERIL WITH DELIBERATE INDIFFERENCE TO HIS SAFETY IN VIOLATION OF THE 14TH AMENDMENT.

I WILL EXPLAIN WHAT I MEAN BY UNREASONABLE SEIZURE, EXCESSIVE FORCE, AND DELIBERATE INDIFFERENCE IN A MOMENT.

IF YOU FIND THAT PLAINTIFF HAS PROVEN THAT DEFENDANTS MCGIFFERT AND/OR ESTRADA VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER ANY OF HIS THREE ALTERNATIVE THEORIES OF LIABILITY, AND SATISFIES THE FIRST TWO ELEMENTS ABOVE, THEN YOUR VERDICT MUST BE FOR THE PLAINTIFF WITH RESPECT TO EACH SUCH CONSTITUTIONAL CLAIM.

IF, ON THE OTHER HAND, YOU FIND THAT PLAINTIFF HAS FAILED TO PROVE THAT DEFENDANTS MCGIFFERT AND/OR ESTRADA VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, THEN YOUR VERDICT MUST BE FOR THE DEFENDANTS ON THESE CLAIMS.